UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WANDA STEWART** | **:** | **CIVIL ACTION NO. 2:25-cv-00192** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **WILLETTE STEWART** | **:** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

The Court is reviewing this matter *sua sponte* to determine whether it has subject matter jurisdiction over the instant case. *See Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008). Indeed, because "[s]ubject matter jurisdiction 'keep[s] the federal courts within the bounds the Constitution and Congress have prescribed[,]' . . . we have an independent obligation to assess our own jurisdiction." *PNC Bank, Nat'l Ass'n v. 2013 Travis Oak Creek, L.P.*, 136 F.4th 568, 572 (5th Cir. 2025) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). For the reasons set forth below, the undersigned finds that this Court lacks the requisite subject matter jurisdiction and, therefore, **RECOMMENDS** this matter be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(h)(3).

Before the Court is also an Application to Proceed in District Court Without Prepaying Fees or Costs—i.e., a motion for leave to proceed *in forma pauperis*—filed by *pro se* plaintiff Wanda Stewart. Doc. 2. For the reasons stated below, it is **RECOMMENDED** this motion be **DENIED AS MOOT**.

# I.
## BACKGROUND

Plaintiff filed this civil case *pro se*, naming as defendant Willette Stewart. Doc. 1. The complaint was filed in this Court based on federal question jurisdiction under 28 U.S.C. § 1331. *Id.* at p. 3.[1] The complaint alleges Plaintiff suffered damages from Defendant's violations of 18 U.S.C. § 641 and 10 U.S.C. § 921—Art 121. *Id.* Specifically, Plaintiff claims she is owed compensatory and punitive damages "for the theft, damage, and destruction of the plaintiff's personal stolen property," including damages for "pain and suffering" and "anguish." *Id.* at p. 5. Along with her complaint, Plaintiff also filed a motion requesting to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. Doc. 2.

# II.
## LAW & ANALYSIS

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and by statute.'" *Gunn v. Minton*, 568 U.S. 251, 256, 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994)). District courts have original jurisdiction pursuant to 28 U.S.C. § 1331 over "all civil actions arising under the Constitution, laws, or treaties of the United States"—i.e., federal question jurisdiction. Plaintiff seeks to invoke this court's federal question jurisdiction. Doc. 1, p. 3. As Plaintiff filed suit in this court, it is her burden to establish that federal jurisdiction exists. *Howery*

---

[1] Plaintiff filed her complaint using a United States Courts provided Complaint for a Civil Case form that can be found at https://www.uscourts.gov/forms-rules/forms/complaint-a-civil-case and can be accessed through a link to "National Forms" under the "Forms" tab on the home page of this Court's website at https://www.lawd.uscourts.gov. Section II of the form is entitled "Basis for Jurisdiction" and allows the complainant to select either "Federal question" or "Diversity of citizenship," or both, to invoke this court's subject matter jurisdiction. Plaintiff selected only "Federal question" and completed the subsection asking that she "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in the case." Doc. 1, p. 3. Although she did not select "Diversity of citizenship" as a basis for jurisdiction, she did complete the subsections of the form that asked for the parties' respective citizenships and the amount in controversy. *Id.*, pp. 3-4. For the sake of completeness, see the discussion at footnote 2, *infra*, addressing the lack of diversity jurisdiction in this case.

*v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001); *Fontenot v. Granite State Insurance Co.*, 2008 WL 4822283, *3 (W.D. La. 2008).[2]

"A federal question exists 'only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

> In this regard, it is established that the mere mention of federal law or bare assertion of a federal claim is not sufficient to obtain federal question jurisdiction, because "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit; wholly insubstantial; obviously frivolous; plainly unsubstantial; or no longer open to discussion." *Hagans* [*v. Levine*, 415 U.S. 528, 536-37 (1974)] (internal citation and quotation marks omitted); *see Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980) ("[T]he assertion that the claim involves [a federal] question must be more than incantation."); *Raymon*[ *v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981)] ("[A] complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court." (citing *Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977); *Hagans*, 415 U.S. at 538-39)); *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342 (5th Cir. 1977) (a claim "must be more than frivolous to support federal question jurisdiction").
>
> The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)).

---

[2] District courts also have original jurisdiction pursuant to 28 U.S.C. § 1332 over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs—i.e., diversity jurisdiction. Diversity jurisdiction requires "complete diversity," which, in turn, "'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citations omitted). While Plaintiff did not affirmatively assert diversity jurisdiction, her form complaint includes allegations of an amount in controversy in excess of $75,000. Doc. 1, p. 4. Plaintiff, however, also states both she and Defendant are citizens of Louisiana. Doc. 1, pp. 3-4. Because Plaintiff fails to allege complete diversity of citizenship between the parties, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

*Nguyen v. Motel 6*, No. 3:16-CV-3365-L-BN, 2017 WL 1290702, at *2 (N.D. Tex. Mar. 8, 2017), *report and recommendation adopted*, No. 3:16-CV-3365-L, 2017 WL 1281389 (N.D. Tex. Apr. 4, 2017).

As the basis for federal question jurisdiction, Plaintiff's Complaint alleges violations of 18 U.S.C. § 641 and 10 U.S.C. § 921—Art. 121. Neither of these statutes, however, afford Plaintiff a civil cause of action. Specifically, 18 U.S.C. § 641 is a criminal statute prescribing penalties for the embezzlement or theft of public money, property, or records. Criminal statutes such as this do not provide for civil liability or civil causes of action. *Gill v. State of Tex.*, 153 Fed. App'x 261, 262 (5th Cir. 2005). Further, Plaintiff "as a private citizen . . . has no standing to institute federal criminal prosecution and no power to enforce a criminal statute." *Id.*; *see also Jones v. Heuer*, No. 24-50348, 2024 WL 4481852 at *2 (5th Cir. Oct. 14, 2024).

Similarly, 10 U.S.C. § 921—Art. 121 is a statute prescribing criminal penalties for larceny and wrongful appropriation under the Uniform Code of Military Justice. Pursuant to § 802—Art. 2 of the same chapter, § 921—Art. 121 is only applicable to specified members of the armed forces. This statute also does not provide for civil liability or a civil cause of action. *See Rush v. Hillside Buffalo, LLC*, 314 F. Supp. 3d 477, 482 (W.D.N.Y. 2018) (holding that the statute does "not create a private cause of action"). Even if this statute allowed civil liability, Plaintiff does not allege that Defendant is a member of the armed forces, nor does she articulate any facts that would suggest this statute is applicable to Defendant. *Pierre v. Doe*, No. 23-CV-11248 (LTS), 2024 WL 4528168 at *2 (S.D.N.Y. Oct. 13, 2024) ("Because Plaintiff does not allege that her claims arise from matters relating to the military, the UCMJ is not applicable to this case . . .").

Plaintiff has no plausible cause of action under either of the federal statutes she has enlisted, nor do her allegations suggest that resolution of a question of federal law—much less a substantial

such question—is required to adjudicate her claims. Her claims under the cited federal statutes are facially frivolous and mere mention of those statutes is not enough to establish federal question jurisdiction. Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." "Thus, 'sua sponte dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction.'" *Jones v. Heuer*, No. 24-50348, 2024 WL 4481852, at *4 (5th Cir. Oct. 14, 2024) (quoting *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021)). As Plaintiff has failed to establish federal question jurisdiction through her pleading, this action must be dismissed. *See, e.g., Smith-Lindley v. Tex., Dep't of Family & Protective Servs.*, No. 3:12-cv-4819-K, 2013 WL 4766850, at *1 (N.D. Tex. Sept. 5, 2013) ("A district court must dismiss a case when the plaintiff fails to establish subject-matter jurisdiction." (citing Fed. R. Civ. P. 12(b)(1))); Fed. R. Civ. P. 12(h)(3). A dismissal under Rule 12(h)(3) is, however, without prejudice and is "'not a determination on the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction.'" *Mitchell v. Bailey*, 982 F.3d 937, 944 (5th Cir. 2020) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1331 as Plaintiff has failed to allege a nonfrivolous claim that arises under "the Constitution, laws, or treaties of the United States." Plaintiff has offered no other basis for this court's subject matter jurisdiction, *see supra* footnote 2, and so it is recommended this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3). [3]

---

[3] Plaintiff's allegations sound more as state tort law claims. This Court also lacks supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any possible state claims as "[i]n federal question cases, a valid federal claim must be pleaded before a federal court can exercise supplemental jurisdiction over any additional state law claims." *Ronald Alexander Leblanc Trust v. Ransom*, 276 F. Supp. 2d 647, 650 n. 6 (S.D. Tex. 2003) (citing *Gilder v. PGA Tour, Inc.,* 936 F.2d 417, 421 (9th Cir.1991)).

Before the Court is also an Application to Proceed in District Court Without Prepaying Fees or Costs. Doc. 2. Because Plaintiff has failed to establish subject matter jurisdiction, it is recommended that Plaintiff's motion to proceed *in forma pauperis* be denied as moot.

## IV.
### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint [doc. 1] be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(h)(3) as this Court lacks subject matter jurisdiction over this action.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [doc. 2] be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers this 22nd day of October, 2025.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**